UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANTHONY PRINGLE SATTERFIELD, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CV-254-HSM-DCP |
| | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTION, LOUDON COUNTY | ) | |
| JAIL, and LOUDON COUNTY | ) | |
| SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 2]. For the reasons set forth below, Plaintiff's motion for leave to proceed in forma pauperis [*Id.*] will be **GRANTED** and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

### I. FILING FEE

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

It also appears, however, that Plaintiff is no longer incarcerated or is incarcerated in an unknown jail, as the United States Postal Service returned the Court's previous mail to Plaintiff as undeliverable [Doc. 4 p. 2] and the Tennessee Department of Corrections lists Plaintiff as on parole (https://apps.tn.gov/foil-app/search.jsp). Accordingly, the Clerk will be **DIRECTED** to update Plaintiff's address to the permanent home address listed in the complaint [Doc. 1 p. 3] and to send

this memorandum opinion and the accompanying order to that address and the Court will not assess the filing fee.

## II. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

## III. ANALYSIS

The substantive portion of Plaintiff's complaint states as follows:

> TDOC has neglected my care and saf[ety] I have done 3 1/2 years on a two. I'm still doing time. My p[h]ysical and mental

> condition has extre[mely] declin[e]d. It has [a]ffected my emo[]tional and spir[itu]al state tr[e]mendously in a negative way. I['] m still be[ing] h[e]ld in the county jail I need this matter handle[d] please.

[Doc. 1 p. 3–4]. As relief, Plaintiff seeks release and compensatory damages [*Id.* at 5].

First, these allegations are conclusory and formulaic and contain no supporting factual allegations and, as set forth above, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

Further, Defendant Tennessee Department of Correction ("TDOC") is an agency of the State of Tennessee and therefore not a "person" who may be sued under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365–66 (1990) (holding that "the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court"). Defendants Loudon County Jail and Loudon County Sheriff's Department likewise are not "persons" subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity which may be sued under § 1983).

Moreover, Plaintiff has not set forth any allegations that allow the Court to plausibly infer that any custom or policy of the State of Tennessee or Loudon County may have caused any violation of his constitutional rights such that the Court could liberally construe the complaint as against these Defendants. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a government can only be liable where its official policy causes the constitutional rights violation).

Accordingly, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983.

**IV. CONCLUSION**

For the reasons set forth above;

1. The Clerk will be **DIRECTED** to update Plaintiff's address to the permanent home address listed in his complaint [Doc. 1 p. 3] and to send this memorandum opinion and the accompanying order to that address;

2. Pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED** and the Court will not assess the filing fee;

3. This action will be **DISMISSED**; and

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE